ANNA CARULLA, Appellant, v. ROBERT E. CARULLA, Respondent. (Appeal No. 1.) — Action for separation brought by the plaintiff wife against the defendant husband, on two grounds: (a) cruel and inhuman treatment; (b) abandonment. Judgment dismissing the complaint reversed on the law and the facts, with costs, and judgment directed for the plaintiff on the ground of abandonment, with costs. The evidence established that the defendant husband abandoned the plaintiff wife without her consent, on November 2, 1938, with intent not to return. Defendant's testimony reinforces plaintiff's contentions in this respect. This view makes unnecessary considering the claim of cruel and inhuman treatment. The plaintiff is awarded twenty-five dollars per week from the defendant, from March 14, 1939, for her own support and that of the child Diana. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur. Settle proposed findings on notice. Adel, J., dissents, with the following memorandum: I dissent and vote to affirm the judgment. The parties are intelligent persons. The evidence supports the finding of the trier of the facts and does not warrant interference by an appellate court. I agree with the Special Term that most of the incidents of the married life, of which the wife complains, are too trivial to engage the serious attention of a court of equity. The only incident which even approaches a case of " cruel and inhuman treatment " is that in which the wife was struck on her left arm after she had willfully punctured the tires of the family automobile with an ice pick. It should not be held as a matter of law that this incident is within the statutory contemplation of cruel and inhuman treatment. The cause of action based on the husband's alleged

abandonment is even weaker. The mere act of leaving home is not abandonment. There is ample evidence upon which it could be found, and was found, that the wife consented to the husband's leaving; and it is undisputed that he was back home to visit the daughter at least twice a week, and has at all times furnished support. There are certain annoyances which the law says all married couples must bear as part of the relationship, and this is a proper case for the court of equity to leave the parties where it found them, the evidence presenting excellent inferences that upon reflection they will adjust their differences more effectively than could be accomplished by a decree of separation in favor of the one that complains.